IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JOHN ALSTON | : | |
| | : | |
| v. | : | Civil No. CCB-05-2104 |
| | : | |
| MARYLAND DEPARTMENT OF<br>HEALTH AND MENTAL HYGIENE | : | |
| | : | |

**MEMORANDUM**

Plaintiff John Alston filed an amended complaint against defendants Maryland Department of Health & Mental Hygiene ("DHMH"), Eastern Shore Hospital Center ("ESHC") and Maryland Sheltered Workshop ("MSW") on or about November 10, 2005. The amended complaint consists of four counts alleging violations of the Americans with Disabilities Act (Count I), the Rehabilitation Act of 1973 (Count II), and Title VII of the Civil Rights Act of 1964 (Counts III and IV).

Now pending before the court is defendants' motion to dismiss plaintiff's amended complaint. The parties have fully briefed the motion and no hearing is necessary. Local Rule 105.6. For the reasons stated below, the defendants' motion will be granted in part, and denied in part.

**BACKGROUND**

Defendant Maryland Department of Health and Mental Hygiene is an agency of the State of Maryland. Defendant Eastern Shore Hospital Center is a state hospital maintained and operated by DHMH. Defendant Maryland Sheltered Workshop, which provides employment opportunities to individuals with disabilities, was maintained by ESHC at the time of the alleged

dates of discrimination.[1]

Alston is a 72 year old African American man who lost the ability to use much of the left side of his body as a result of a stroke. Am. Compl. ¶ 6. Alston has been employed at MSW since 1994. Alston alleges that since 1995, he has both witnessed sexual harassment in the workplace and been a victim of sexual harassment at MSW. He also alleges that he was assaulted, battered, and otherwise harassed because of his age, race, disability, and knowledge of ongoing sexual harassment. Alston, moreover, claims that he was threatened with the loss of his job and a reduction in pay if he testified at a criminal proceeding stemming from the alleged sexual harassment at MSW. *Id.* at ¶¶ 7-11.

Alston asserts that he contacted Grason John-Allen Eckel, an attorney representing other employees in a lawsuit against MSW, sometime in 2003. Eckel provided Alston with the phone number of the Baltimore office of the Equal Employment Opportunity Commission ("EEOC"). Some time prior to December 2003, Alston contacted the EEOC office, and requested the forms required to file a complaint against MSW. Alston alleges that the forms were lost in the mail on two separate occasions before they eventually reached him. Upon receipt, however, he completed the forms and returned them to the EEOC. Alston asserts that he did not hear from the EEOC until April 4, 2005, when he received a letter from EEOC investigator James P. Norris which informed Alston that after some investigation, the EEOC found no violations of federal law, and suggested that Alston file a formal EEOC charge if he wanted to pursue the matter in court. Alston then submitted a charge to the EEOC on or about April 13, 2005, alleging discrimination by MSW between July 14, 2003 and October 31, 2003.

---

[1] DHMH and ESHC no longer operate MSW.

**ANALYSIS**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks and alterations omitted). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). Consequently, a motion to dismiss under Rule 12(b)(6) may be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Edwards*, 178 F.3d at 244. In addition, because the court is testing the legal sufficiency of the claims, the court is not bound by the plaintiff's legal conclusions. *See, e.g.*, *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001) (noting that the "presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)" when the facts alleged do not support the legal conclusions); *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995) (affirming Rule 12(b)(6) dismissal with prejudice because the plaintiff's alleged facts failed to support her conclusion that the defendant owed her a fiduciary duty at common law).

I.      Americans with Disabilities Act Claim (Count I)

Alston's amended complaint alleges a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.,* without specifying a title or exact provision. Defendants, in their motion to dismiss, assumed that plaintiff brought his cause of action under Title I of the

ADA, which pertains to employment discrimination based on disability.  Citing *Bd. of Tr. of Alabama v. Garrett,* 531 U.S. 356, 374 (2001), the defendants assert that the court must dismiss the plaintiff's claim because, pursuant to the doctrine of sovereign immunity, state governments and agencies thereof are immune from suit under Title I of the ADA.  In response, plaintiff clarified that he brought his cause of action under Title II of the ADA, which concerns discrimination in the provision of public services.

The court assumes, without deciding, that it was proper for plaintiff to bring this cause of action under Title II.  This does not, however, end the court's inquiry, as the State of Maryland still might be immune from suit under Title II.  While both the Supreme Court and the Fourth Circuit have addressed the issue of sovereign immunity under Title II, the opinions dealt with different categories of public services from those at issue in this case.  *See Tennessee v. Lane,* 541 U.S. 509 (2004) (right of access to the courts)*; United States v. Georgia,* 126 S.Ct. 877 (2006) (violation of 14th amendment rights); *Constantine v. Rectors and Visitors of George Mason Univ.,* 411 F.3d 474 (4th Cir. 2005) (access to public higher education).

Neither party addressed the issue of the State's immunity from suit under Title II in their pleadings.  Accordingly, I will ask both parties to supplement the record with an analysis of whether the State of Maryland and its agencies are immune from suit under Title II of the ADA in the circumstances of this case.

II.     Rehabilitation Act Claim (Count II)

Count II of Alston's amended complaint alleges that defendants violated the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 793, 794.  Alston alleges that because each defendant receives federal financial assistance, each defendant qualifies as a "program or

activity" that is prohibited from discriminating against an individual with a disability. Therefore, defendants fall within section 504 of the Rehabilitation Act, which provides in pertinent part: "No otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...." 29 U.S.C. § 794.

In determining whether the Rehabilitation Act is violated, the standards applied under Title I of the ADA are to be employed. 29 U.S.C. § 794(d); *Hooven-Lewis v. Caldera,* 249 F.3d 259, 268 (4th Cir. 2001). Defendants assert, however, that Alston does not have a cause of action because his allegation that he was "physically and mentally abused" at MSW is, more appropriately, a hostile work environment cause of action that only is cognizable under Title VII of the Civil Rights Act of 1964, and not the ADA or the Rehabilitation Act. Defendants' assertion is incorrect. The Fourth Circuit has held that a cause of action for a hostile work environment is cognizable under the ADA, *Fox v. General Motors Corp.,* 247 F.3d 169, 172, 176 (4th Cir. 2001) and thus, it also is cognizable under the Rehabilitation Act.

To prevail on a hostile work environment claim under the Rehabilitation Act, Alston must prove that he: (1) is a qualified individual with a disability; (2) was subject to unwelcome harassment; (3) the harassment was based on his disability; (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and (5) some factual basis for imputing liability to the employer. *Fox,* 247 F.3d at 177. Alston has established a *prima facie* case of a hostile work environment, in violation of the Rehabilitation Act. Alston asserts, and defendants do not dispute, that he is a qualified employee with a disability.

According to Alston, he has the requisite skills, education, and experience to fulfill the job duties at MSW and he can perform the essential functions of the position with or without reasonable accommodation. Am. Compl. ¶ 20. Alston also claims that he was subject to unwelcome harassment, as he was assaulted, battered, and otherwise harassed because of his age, race, disability, and knowledge of ongoing sexual harassment at MSW. Opp. 1. Moreover, while Alston did not lose his job at MSW, the alleged harassment was sufficiently severe such that it created an abusive work environment. Alston alleges that, among other forms of harassment, he was choked and punched by his supervisors because they believed he was working too slowly. Am. Compl. ¶ 17. Indeed, after many of these incidents, Alston alleges that he ended up on the floor bleeding and crying. *Id.* ¶ 21. Finally, it is appropriate to impute liability to his employer because after these incidents of alleged abuse, Alston complained to the Chief of MSW, but no remedial action was ever taken and the abuse continued. *Id.* ¶ 19. Based on these facts, I find that it would be inappropriate to grant defendants' motion to dismiss Alston's Rehabilitation Act claim.

III.  Title VII Claims

Count III of Alston's amended complaint alleges discrimination based on race and age, in violation of Title VII. Am. Compl. ¶ 31. Count IV alleges a hostile work environment based on sexual harassment, assault, and retaliation, also in violation of Title VII. *Id.* at ¶ 38. Title VII prohibits an employer from discriminating on the basis of race, color, religion, sex, or national origin. 42 U.S.C. §§ 2000e-2000e-17. An employer may not discriminate against an individual with respect to his "compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2(a).

To pursue a cause of action under Title VII, a plaintiff in a deferral state such as Maryland must file an EEOC charge within 300 days of an alleged act of discrimination. *See* 42 U.S.C. 2000e-5(e)(1). The limitations period in a Title VII action begins to run at the time of the discriminatory acts. *Delaware State Coll. v. Ricks,* 449 U.S. 250, 258 (1980); *see also J.D. Hamilton v. 1st Source Bank,* 928 F.2d 86, 88 (4th Cir. 1990) (en banc) (holding that the unlawful act marks the date from which the limitations period is counted).

Alston filed a "Charge of Discrimination" with the EEOC on or about April 13, 2005. Am. Compl. ¶ 23, Ex. A. In it, Alston alleges that the "date[s] discrimination took place" were from "07-14-2003" until "10-31-2003." *Id.,* Ex. A. As such, Alston had 300 days from October 31, 2003, or until August 28, 2004, to file a charge with the EEOC. Alston, therefore, did not file his charge until seven months past the deadline established by the statute. Thus, because Alston failed to file a charge within 300 days of the discriminatory acts, he is barred from litigating them in the pending action. *See J.D. Hamilton,* 928 F.2d at 89-90 (affirming the dismissal of an age-based discrimination claim for failure to file an EEOC charge within the statutory limitations period).

Alston, in turn, urges the court to waive the time requirements of 42 U.S.C. § 2000e-5(e). To this end, Alston relies on *Zipes v. Trans World Airlines,* 455 U.S. 385, 398 (1982), wherein the Supreme Court held that compliance with the filing period is not a jurisdictional prerequisite but rather a requirement subject to waiver and tolling "when equity so requires." Alston, however, has not offered any reason that equity requires the statute to be tolled. Though Alston asserts that he thought his claims were being investigated by the EEOC after he submitted his forms to the agency sometime prior to December 30, 2003, Alston has not provided the court

with any documentation showing that his charges were, in fact, filed with the EEOC within the time prescribed by the statute. Alston also claims that it was not until he received the April 4, 2005 letter from EEOC investigator James Norris that he was made aware of the fact that his EEOC pleadings were not properly signed and, thus, were not properly filed. However, Alston's assertion that he believed he had filed formal charges against MSW in 2003 are belied by the letter from Norris. As Norris wrote: "I had talked to [Plaintiff] and [his] attorney on two previous occasions. In December 2003, I had sent [Plaintiff] a prepared charge for signature. The Commission did not receive any signed charges. On or about June 2004, I spoke with Mr. Eckel, [Plaintiff's] attorney, regarding the filing of a charge. As a result of our conversation and the information presented at the time, we were unable to show that a violation of the law occurred."[2] Opp., Ex. A. Thus, the letter from Norris – which Alston attached to his Opposition Memorandum as an exhibit – indicates that Alston was made aware of the fact that he did not formally file charges against MSW in 2003 because he never signed and returned the documents sent to him by the EEOC.

      The court is sympathetic to Alston's age and disabilities. Alston, however, has failed to set forth any grounds to support his request to toll the statute of limitations for the filing of his EEOC charge. Alston's failure to file a charge within 300 days of the alleged discriminatory acts bars his present attempt to litigate them. *J.D. Hamilton,* 928 F.2d at 89-90. The court notes, however, that Alston claims the same discriminatory acts alleged in his complaint continue to the present. Therefore, the court will dismiss Counts III and IV without prejudice, which will leave

---

[2] Norris's letter refers to Eckel as Alston's attorney, although Alston never retained Eckel. This most likely was a misunderstanding on the EEOC's part, since Eckel represented other employees in their claims against MSW.

open the opportunity for Alston to bring additional charges against MSW after he files charges with the EEOC concerning the more recent period of discrimination.

A separate order follows.


  April 21, 2006                                       /s/
       Date                                     Catherine C. Blake
                                                United States District Judge